**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IGLESIA BAUTISTA INTERNACIONAL, INC.,<br>Plaintiff,<br>v.<br>BROTHERHOOD MUTUAL INSURANCE COMPANY,<br>Defendant. | Civil Action No.<br>1:25-cv-00240-SDG |

## OPINION AND ORDER

This is an insurance coverage dispute. Because Plaintiff Iglesia Bautista Internacional, Inc. (Iglesia) has failed to put forward admissible evidence that its covered damages exceed the amount paid out under the policy, Defendant Brotherhood Insurance Company's (Brotherhood) motion for summary judgment [ECF 27] is **GRANTED**.

### I. Factual Background

The undisputed facts are as follows.[1] Iglesia insured real property located on Covington Highway in Decatur, Georgia (the Property) under a policy issued by Brotherhood (the Policy).[2] Iglesia submitted a claim related to damage that was

1 The evidence is viewed in the light most favorable to the party opposing summary judgment and "all justifiable inferences" are drawn in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999) ("All reasonable doubts about the facts should be resolved in favor of the non-movant.").

2 ECF 30-1, ¶ 1.

allegedly caused by an August 7, 2023 storm.[3] Brotherhood's adjuster inspected the Property and concluded (among other things) that there was wind damage to the roof of the church building and office building, but that this damage "did not appear to be consistent with hail."[4] The adjuster prepared an estimate of $15,082.95 for wind damage to the shingles on the roof of each building, and paid Iglesia $11,600.67 (the estimated repair adjusted for code upgrades, the deductible, and a credit).[5] The estimate did not cover interior water damage, because the adjuster concluded that such damage had been ongoing for more than two weeks before the inspection or was unrelated to the August 7 storm. Nor did the estimate include repairs for any alleged hail damage.[6]

Iglesia disputed Brotherhood's coverage position and submitted an estimate from Galian Roofing LLC for $129,715.36, which included various repairs to the roofs and interiors of the buildings (such as walls, floors, ceilings, and lighting). The estimate noted both wind and hail damages but did not opine on the causes of the damages; that is, the estimate did not state that the damages were attributable to the August 7 storm.[7] Brotherhood then retained EFI Global (EFI) to

---

[3] *Id.* ¶ 2.

[4] *Id.* ¶ 4.

[5] *Id.* ¶¶ 5–6.

[6] *Id.* ¶ 4; *see generally* ECF 27-3.

[7] ECF 27-2, at 7–29; ECF 30-1, ¶ 8.

conduct an engineering assessment of the Property.[8] Rosy Rios of EFI, a licensed engineer, performed the assessment.[9]

The parties seem to dispute the contents of EFI's report,[10] but not that an authenticated copy of the report is attached to Rios's declaration filed in support of Brotherhood's summary judgment motion.[11] In short, EFI concluded that there was no hail damage to the roofs caused by the August 7 storm. Specifically, the report noted that there were no "hail events" at the Property on August 7, 2023, but that there had been a hail event in April 2021.[12] According to EFI, the physical evidence reflected "no hail damage to the roof," but indicated that there was hail damage to the roof *vents* and downspouts "consistent with hail impacts."[13] EFI also noted wind damage to shingles on the roofs but opined that "the creasing of

8 ECF 30-1, ¶ 9; ECF 32, ¶ 17.

9 ECF 27-4; ECF 32, ¶ 18. Iglesia complains that Brotherhood never disclosed Rios as an expert witness. ECF 30, at 3–4. But she was disclosed as a person with discoverable information. ECF 30-9, at 6; ECF 30-10, at 9. Iglesia has pointed to nothing that would prohibit Rios from testifying at trial as a fact witness.

10 ECF 30-1, ¶ 12.

11 ECF 27-4.

12 ECF 27-4, at 8, 13. An exhibit to the EFI report reflects that there was hail within a mile of the Property on August 7. *Id.* at 36. That exhibit is not, however, authenticated. Nor were the weather reports (reflecting purported hail events) submitted by Iglesia in opposing summary judgment properly authenticated. ECFs 30-11, 30-12, 30-13.

13 *Id.* at 12–13.

the shingles occurred due to movement/lifting of the inadequately sealed shingles during the reported storm event."[14] In particular, EFI determined that wind speeds on August 7 "were not strong enough to damage a properly installed laminated asphalt shingle."[15] Finally, EFI concluded that water damage inside the structures was not caused by August 7 storm damage.[16] Based on the EFI report, Brotherhood's adjuster revised its estimate to include damage to the downspouts at the Property and issued an additional payment of $1,756.35 to Iglesia.[17]

Iglesia contends that the full amount of damage to the Property is reflected in Galian's estimate, which Brotherhood has wrongfully failed to pay. Iglesia therefore asserts claims for breach of contract and bad faith under O.C.G.A. § 33-4-6. It seeks compensatory and bad-faith damages; attorneys' fees, expenses, and costs; and interest and penalties.[18]

---

14 *Id.* at 11.

15 *Id.* at 13.

16 *Id.* at 12, 13 ("The moisture damage . . . [was] consistent with moisture intrusion through breaches or openings in the church steeple and/or flashings surrounding the steeple . . . . [and] with moisture intrusion through openings/cracks on the sealant around the window. . . .").

17 ECF 30-1, ¶¶ 14, 16.

18 *See generally* ECF 1-1, at 3–13.

## II. Applicable Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The entry of summary judgment against a plaintiff is appropriate when it "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also id.* at 323 (noting that there cannot be a genuine issue as to any material fact when there is "a complete failure of proof concerning an essential element of the nonmoving party's case [which] necessarily renders all other facts immaterial"). A plaintiff may avoid summary judgment by pointing to evidence in the record. *Id.* at 324; Fed. R. Civ. P. 56(c). The inquiry is whether there is a need for a trial—that is, whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## III. Discussion

As the plaintiff, Iglesia bears the ultimate burden of proof on its breach of contract and bad faith claims. But it has pointed to little in the way of admissible

evidence (or evidence that can be reduced to an admissible form) that shows Brotherhood breached the Policy by failing to pay for damages caused by the August 7 storm. "Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty." *MCI Commc'ns Servs. v. CMES, Inc.*, 291 Ga. 461, 463 (2012) (quoting *Lester v. S.J. Alexander, Inc.*, 127 Ga. App. 470, 471 (1972)). Instead, Iglesia opposes summary judgment by overstating the record facts and improperly placing the burden of proof on Brotherhood.[19]

**A. Breach of Contract**

"An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract." *Am. Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co.*, 288 Ga. 749, 750 (2011) (citation omitted). In Georgia, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015) (citation omitted).

Brotherhood argues that Iglesia cannot show a breach of the Policy because it lacks evidence that the damages Brotherhood did not cover were attributable to

---

19 For instance, Iglesia's statement of additional material facts suggests that the EFI report found that the August 7 storm caused covered hail and wind damage to the roofs. ECF 30-2, ¶¶ 24, 27–29. As is clear from the report itself, however, EFI concluded otherwise, finding hail damage only to roof *vents* and downspouts. *See generally* ECF 27-4.

the August 7 storm.[20] Brotherhood also put forward the EFI report, which concluded that there was no damage to the Property's roofs from hail and that the water damage inside the buildings was not caused by the storm. The report also opined that wind damage to shingles was attributable to their poor installation.

Iglesia makes much of the fact that the Policy does not require it to retain an engineer before Brotherhood approves a claim.[21] But that's beside the point. Iglesia is conflating its duties under the Policy with its burden at summary judgment. Iglesia relies heavily on the Galian estimate, but it contains nothing suggesting that the estimate covers only repairs for damages caused by the August 7 storm.[22]

The plaintiff likewise has the burden of proof to show the amount of its alleged loss in a way that a jury can calculate "with a reasonable degree of certainty. An allowance for damages cannot be based on guess work." *Matthews v. State Farm Fire & Cas. Co.*, 500 F. App'x 836, 840–41 (11th Cir. 2012) (citations omitted). In *Matthews*, the Eleventh Circuit concluded that entry of judgment for the insurer was appropriate when the insured presented two cost repair estimates, both of which included estimates for items that were not part of the covered loss (i.e., the trees that fell on the plaintiffs' property); one report offered nothing about

---

[20] ECF 27, at 10–14.

[21] ECF 30, at 7–8; ECF 32, ¶ 4.

[22] ECF 27-2, at 7–29.

what the scope of the tree damage was and the other was unsupported by any testimony and thus constituted hearsay. *Id.* at 838–39. Here, as in *Matthews*, the cause of Iglesia's damages is a "matter appropriate for expert testimony." *Id.* at 840. Iglesia, however, has pointed to no such testimony or evidence.

**B. Bad Faith**

Under O.C.G.A. § 33-4-6(a), an insured can make a claim for bad faith penalties and attorney's fees if the insurer refuses to pay a covered loss "within 60 days after a demand has been made by the holder of the policy" and the refusal was made in bad faith. For these purposes, "bad faith" "is any frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy." *King v. Atlanta Cas. Ins. Co.*, 279 Ga. App. 554, 556 (2006). The question of good or bad faith is usually reserved for the jury, "but when there is no evidence of unfounded reason for the nonpayment, or if the issue of liability is close, the court should disallow imposition of bad faith penalties. Good faith is determined by the reasonableness of nonpayment of a claim." *Fla. Int'l Indem. Co. v. Osgood*, 233 Ga. App. 111, 115 (1998).

Here, Brotherhood's denial of Iglesia's demand was reasonable in light of the assessments of the damages made by the adjuster and EFI. There is no evidence that the actual value of Iglesia's loss exceeded the amounts paid by Brotherhood. *See Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 441 (1988) (because the insurer

"was correct in withholding payment of more than $2,000, under the facts of the instant case we find that neither the statutory penalty nor attorney fees were authorized as a matter of law").

### C. Remaining Demands for Attorneys' Fees, Expenses, Costs, and Interest

Because Brotherhood is entitled to judgment on both of Iglesia's substantive claims, Iglesia's derivative claims for fees, expenses, costs, and interest also fail.

## IV. Conclusion

Defendant Brotherhood Mutual Insurance Company's motion for summary judgment [ECF 27] is **GRANTED**.

The Clerks of Court is **DIRECTED** to enter **JUDGMENT** in Defendant's favor and to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge